PLOTKIN, Judge,
dissenting.
I respectfully dissent because the oyster shuckers are Fox’s employees and not independent contractors.
The factual findings of the administrative law judge are fully supported by the record. Fox’s business is the shucking, packing and shipping of oysters. All the work is performed on the employer’s premises. Oyster shucker’s are an essential and integral part of Fox’s business. During peak business it hires additional employees on an as needed basis.
Oyster shucking is a simple task, only requiring the opening, cutting and removal of the oyster from the shell. The only tool used is an oyster knife. Employees are paid on the number of sacks of oysters opened and shucked. The employer does not supervise the shucking process but inspects the oyster quality when they are submitted for packing. Fox provides workers’ compensation insurance.
The shuckers are Vietnamese, who do not speak English. They work at their discretion for Fox and other oyster packing houses. They provide their own oyster opening knife. The shuckers are paid not on an hourly basis, but rather on the sacks of oysters opened at a price fixed by Fox. The employees are paid directly for their services.
Fox contacts one Ank Thu, who contacts and transports the workers to the business premises and receives fees and costs for this service. She also serves as an interpreter.
Fox possesses the right to and exercises control and supervision over these employees by rejecting inferior oysters and instructing various employees not to return to work.
Applying these facts to the legal standards in LSA-R.S. 23:1472(12)(E), these individuals are employees subject to unemployment taxes. This conclusion is consistent with the identical holding in Breaux & Daigle, Inc. v. USA, 900 F.2d 49 (5th Cir.1990).
To allow these workers to be classified as independent contractors would defeat the purpose of the social benefits intended by the unemployment compensation legislation.